Samuel J. Silverman, J.
The motion for inspection of the Grand Jury minutes or to dismiss the indictment is denied.
The indictment is for larceny. Defendant contends that the facts on which the indictment is based constitute a violation of subdivision (b) of section 10 of the Federal Securities Exchange Act of 1934 (U. S. Code, tit. 15, § 78j) and rule 10b-5 of the Rules and Regulations of the Securities and Exchange Commission (Code of Fed. Reg., tit. 17, § 240.10b-5); and that the Federal statutes have pre-empted the field, depriving the State court of jurisdiction.
For such an argument to succeed, it would not be enough to show that the Federal and State statutes overlap, or even that they cover the same subject matter. “ But the fact of identity does not mean the automatic invalidity of state measures. Coincidence is only one factor in a complicated pattern of facts guiding us to congressional intent ” (California v. Zook, 336 U. S. 725, 730 [1949]).
It must clearly appear that the intention of the Federal statutes is to occupy the field to the exclusion of the State authorities and statutes. (See Pennsylvania v. Nelson, 350 U. S. 497, 500 [1956]; California v. Zook, 336 U. S. 725, 733 [1949] supra.)
There has been no such showing hero. Indeed, in the area most closely related to that covered by the Federal statute — securities regulation — the Federal statute explicitly preserves the jurisdiction of the State securities commissions (Securities Exchange Act of 1934, § 28; TJ. S. Code, tit. 15, § 78bb). A fortiori, it would seem that State larceny statutes continue to have full force and effect.
Section 27 of the Securities Exchange Act of 1934 (TJ. S. Code, tit. 15, § 78aa) vests in the Federal courts “ exclusive jurisdiction of violations of this chapter or the rules and regulations *1054 thereunder ”. It does not deprive the State courts of jurisdiction of violations of State criminal statutes.
In fact, the Federal and State statutes have different elements. The Federal statute (U. S-. Code, tit. 15, § 78j, subd. [b]) requires these elements which are irrelevant to the State statute: (a) Use of an instrumentality of interstate commerce or of the mails or of a facility of a national securities exchange; (b) in connection with the purchase or sale of any security; (c) use of a manipulative or deceptive device; (d) in contravention of Securities and Exchange Commission Rules. On the other hand, larceny, the essence of the State crime, is not an essential element of the Federal crime.
This is simply a classic case where “ 1 the same act might, as to its character and tendencies, and the consequences it involved, constitute an offense against both the State and Federal governments, and might draw to its commission the penalties denounced by either, as appropriate to its character in reference to each.’ ” (United States v. Marigold, 9 How. 560, 569, quoted with approval in California v. Zook, supra, p. 731.)
The question whether judicial economy is well served by actively pursuing these apparently large criminal prosecutions in both Federal and State courts is not presented by the present motion and is not appropriate for decision on the present papers.